**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

ARTHUR D'AMARIO, III,

Petitioner,

v.

CONSTANCE REESE, Warden,

Respondent.

Civil No. 00-1932 (ADM/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner is a federal prisoner and asserts that he was not credited for a significant portion of the time he spent in custody on state charges prior to his sentencing on federal charges. He contends that the state and federal sentences were to be fully concurrent and that he is entitled to immediate release. The government alleges that the substantive claims in this case were previously litigated and decided in United States District Court, District of New Jersey; the prisoner has not exhausted administrative remedies; and interim bail and release is not required or appropriate in this instance.

**Background and Claim**

Petitioner is presently serving a federal prison term at the Federal Medical Center at Rochester, Minnesota, on a sentence imposed in United States District Court in the District of Rhode Island on March 10, 2000. He was sentenced to a term of 18 months pursuant to



FILED OCT 30 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

conviction on a charge of being a felon in possession of a firearm. With good time credit, petitioner is scheduled to be released on July 1, 2001.[1]

Petitioner was arrested by Rhode Island State Police on February 19, 1999, on probation violation charges.[2] On March 3, 1999, he was indicted on the federal charges. Pursuant to writs of habeas corpus ad prosequendum petitioner was thereafter placed in the custody of the U.S. Marshals Service from March 5, 1999, until September 15, 1999,[3] and again from December 20, 1999, until sentencing on March 10, 2000.[4] At the time of the federal sentencing, Rhode Island state probation violation charges against the petitioner were still pending. The sentencing judge, United States District Court Judge Joseph A. DiClerico, recommended that the defendant be given credit for time served since March 3, 1999, the indictment date.[5] Following federal sentencing the petitioner was returned to state court for further proceedings on the probation violation. On March 13, 2000, the Rhode Island state trial court entered judgment on the state charges, essentially sentencing the petitioner to time already

---

[1] Declaration of Kara Christenson, Exh. C. [Docket No. 16]. A sentencing recalculation by the Bureau of Prisons resulted in a change in the federal sentence commencement date which required modification of the prisoner's projected release date previously set at July 4, 2001. Declaration of Dennis Melick, para. 18, Exh. C to the Declaration of Ernie Frie. [Docket No. 17].

[2] Government's Response to Petition, Attachment C; Order Denying Petition for Habeas Corpus and Motion for Temporary Restraining Order, para. 1. [Docket No. 19].

[3] Petitioner was placed in the U.S. Marshals Service custody to answer the federal charges, and he remained in the Marshals Service's custody while a competency evaluation was conducted. Id., para. 2.

[4] Petitioner was again placed in U.S. Marshals Service custody to stand trial. He was convicted by a jury on December 24, 1999. Id., para. 3.

[5] Declaration of Kara Christenson, Exh. C. [Docket No. 16].

served from the date of his arrest until the date of the judgment. He was immediately placed in federal custody and assigned to the Federal Correctional Facility at Fort Dix, New Jersey.[6]

On May 25, 2000, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion for Temporary Restraining Order, in United States District Court, District of New Jersey.[7] Petitioner therein asserted that he was entitled to concurrent application of the entire Rhode Island state sentence to the federal sentence; that his 18-month federal sentence therefore commenced on February 19, 1999; and that with good-time credit he should properly be released from federal custody in June 2000.[8] The motion for temporary restraining order was denied and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was dismissed by United States District Court Judge Joseph E. Irenas in an Order dated July 25, 2000, which included findings of fact, legal conclusions and discussion. The District Court determined that petitioner had failed to exhaust his administrative remedies, but also addressed the merits and found that the Bureau of Prisons had properly calculated the petitioner's federal sentence and that the BOP appropriately concluded that the petitioner was not entitled to credit against his federal sentence for time spent in state custody.

Petitioner was subsequently transferred to FMC-Rochester, Minnesota, by facility

---

[6] Government's Response to Petition, Attachment C; Order Denying Petition for Habeas Corpus and Motion for Temporary Restraining Order, para. 1. [Docket No. 19]. Petitioner's state sentence and credit for time served totaled 386 days. Declaration of Ernie Frie, Exh. B. [Docket No. 17].

[7] Government's Response to Petition, Attachment A. [Docket No. 19].

[8] Petitioner's Motion for Temporary Restraining Order asserted that June 2, 2000, was the proper release date. The initial Petition for Writ of Habeas Corpus cited June 6, 2000, as the correct release date. Id.

assignment designation dated July 11, 2000.[9] On July 26, 2000, the prisoner submitted a Request for Administrative Remedy to the Warden at FMC-Rochester.[10] The request restated the claims that had been submitted in the prior habeas corpus action and was denied by response dated August 8, 2000, with reference to the District of New Jersey habeas corpus decision.[11] Before issuing the formal response on August 8, 2000, the petitioner's claims were investigated by an administrator at the Rochester facility who consulted with a Bureau of Prisons regional officer regarding petitioner's sentence and his claims. Their preliminary investigation indicated to the BOP administrators that the prisoner's claims might have merit and on August 2, 2000, the petitioner was orally notified that he might receive the time credit that he was seeking.[12] The petitioner, however, had failed to advise BOP officials that the same claims had already been rejected in the Order Denying Petition for Habeas Corpus issued by Judge Irenas in the District of New Jersey. Upon discovery of the existence of the previous habeas corpus action and decision, the Warden's August 8, 2000, response was issued and the petitioner was therein denied relief. The prisoner commenced the present action by filing a Petition for Writ of Habeas Corpus in the District of Minnesota on August 14, 2000. Meanwhile, upon inquiry from the BOP regarding the sentencing court's original intent with regard to whether federal and state sentences should be concurrent or consecutive, U.S. District Court Judge DiClerico issued a "Procedural Order" deferring to the responsibility of the Bureau of Prisons to determine the

---

[9] Declaration of Kara Christenson, Exh. A. [Docket No. 16].

[10] Id., Exh. D.

[11] Id.

[12] Declaration of Ernie Frie, para. 4. [Docket No. 17].

amount of time to which the petitioner was entitled as credit on his federal sentence.[13] Finally, as indicated by correspondence dated October 3, 2000, from the petitioner to this Court, including an attached Order Denying Stay of Judgment and Granting Leave to File Appeal *In Forma Pauperis*, it appears that the prisoner has filed an appeal of the District of New Jersey habeas corpus decision to the United States Court of Appeals for the Third Circuit.

**Discussion**

**Previous Petition.** The initial petition in this matter is captioned "Petition for Writ of Habeas Corpus," without reference to a statutory basis. However, in subsequent pleadings the petitioner specifically asserts that "[t]his is a habeas corpus proceeding for sentencing credit, pursuant to 28 U.S.C. 2241."[14] Petitioner filed an earlier petition in United States District Court in New Jersey, which was specifically captioned as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[15] Review of the substantive assertions in each of the petitions reveals that both documents assert challenges to the execution of the sentence at issue rather than attacking the sentence itself. The petitions therefore were appropriately described and filed as petitions under Section 2241. Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997). Indeed, the District of New Jersey pleadings and the present District of Minnesota petition allege the same claims with respect to whether the BOP properly awarded him credit on his federal sentence for time spent in a state facility. The pleadings and claims are

---

[13] Attachment to Petitioner's Memorandum Supporting Motion for Bail Hearing, [Docket No. 8] and Amended Habeas Corpus Petition. [Docket No. 14].

[14] Memorandum Supporting Motion for Bail Hearing. [Docket No. 8].

[15] Government's Response to Petition, Attachment A. [Docket No. 19].

based upon the same underlying facts involving the imposition and execution of sentences in Rhode Island state and federal court. The only materially different claims contained in the Minnesota petition and amended petition are collateral allegations that a right to prison time credit as determined by BOP officials after his transfer to FMC-Rochester was unlawfully withdrawn and, alternatively, that he should be transferred back to FCI-Fort Dix, New Jersey.

It is patently clear that the claims in this case may be dismissed pursuant to 28 U.S.C. § 2244(a). The statute provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, .....

This provision applies to petitions which reiterate the same jail-credit time claims brought under 28 U.S.C. § 2241. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997). In both the initial District of New Jersey petition and the current District of Minnesota petition the prisoner alleges that federal sentencing guidelines require that he be given full credit against his federal sentence for time spent in state custody. In the Order Denying Petition for Habeas Corpus, Judge Irenas explicitly applied the general prohibition against double credit for state sentences and federal pre-sentence detentions under 18 U.S.C. § 3585(b) as a to bar to petitioner's assertion that he was entitled to concurrent credit. The Court further addressed and unequivocally dismissed the contention that the sentencing judge in the federal matter intended that the federal and state sentences be served fully concurrently rather that consecutively.[16] Since the legality of the

---

[16] Government's Response to Petition, Attachment C; Order Denying Petition for Habeas Corpus and Motion for Temporary Restraining Order, para. 8. [Docket No. 19].

petitioner's detention has already been decided, and this Court is simply being asked to reach a different conclusion with respect to the same issues, this matter should be dismissed pursuant to 28 U.S.C. § 2244(a).[17] Furthermore, the petitioner's additional allegation to the effect that he is entitled to immediate release as a result of "[t]he spontaneous withdrawal of the right to credit on Aug. 2," fails to raise any credible constitutional claim and cannot survive. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). Through his Request for Administrative Remedy dated July 13, 2000, the prisoner was attempting to obtain relief through Bureau of Prisons administrative procedures in a new facility, FMC-Rochester, and in a different BOP region, the North Central Regional Office, even though an order denying relief on petition for writ of habeas corpus had been issued by a federal court. His disagreement with the court's ruling does not excuse his failure to disclose the existence of the petition and decision to officials at FMC-Rochester.

**Pending Appeals.** The present habeas corpus action is highlighted by petitioner's lack of complete candor with respect to the procedural status of his claims. Perhaps the most notable and critical example in this regard is the prisoner's failure to promptly advise the District Court of a pending appeal in the Third Circuit. Indeed, the petitioner has never directly acknowledged the pendency of an appeal of the District of New Jersey habeas corpus decision which must be inferred from correspondence dated October 3, 2000, through reference to an

[17] Despite the petitioner's continued insistence that he has exhausted administrative remedies and that the current petition therefore is properly before the court, the issue of exhaustion is of little significance in this case. The present petition is not being dismissed for failure to exhaust administrative remedies and the District Court for the District of New Jersey did not rely upon petitioner's failure to exhaust administrative remedies as a basis for denying relief.

attached Order Denying Stay of Judgment and Granting Leave to File Appeal *In Forma Pauperis*, therein stating that, "[a]ccording to the docket, a notice of appeal to the United States Court of Appeals for the Third Circuit was filed on September 1, 2000." The prisoner has provided only indirect notice that an appeal of the conviction is pending in the First Circuit.[18]

It is the general rule that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Liddell v. Board of Education of the City of St. Louis, 73 F.3d 819, 822 (8th Cir. 1996) citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982). Though the instant District of Minnesota habeas corpus case is not pending appellate action, it is clear that the claims and issues in the case are pending appeal, on at least one and likely two fronts. The rule against simultaneous jurisdiction is equally applicable as a bar to this Court's exercise of jurisdiction over these matters and the case should be dismissed for that reason.

**Transfer.** For his final assertion in the petition in this case the prisoner alleges that he was unlawfully and unnecessarily transferred to FMC-Rochester, and he asks to that he be returned to FCI-Fort Dix, New Jersey. The allegation that the transfer was unlawful is entirely without legal basis or factual support. "... [A] prisoner enjoys no constitutional right to remain at a particular institution, ... and generally prison officials may transfer a prisoner for whatever reason or no reason at all," Goff v. Burton, 91 F.3rd 1188, 1191 (8th Cir. 1996). The prisoner

---

[18] Affidavit for Waiver of Filing Fee, [Docket No. 3], and correspondence dated October 13, 2000. [Docket No. ___].

has no liberty interest with respect to transfer or housing in a particular facility. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993), and he makes no allegation that he was improperly transferred as an act of retaliation. Considering the record before the Court, there is no basis for a claim of unlawful transfer and the request for transfer should therefore be denied.

**Appointment of Counsel.** Plaintiff has filed a motion seeking appointment of counsel, asserting that he is unable to afford an attorney. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in habeas proceedings. The appointment of counsel in such cases is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), citing Pennsylvania v. Finley, 107 S.Ct. 1990, 1993-94 (1987). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

## RECOMMENDATION

Based upon the foregoing discussion, along with the file and all the pleadings, affidavits, memorandums, and exhibits contained therein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 [Docket No. 1] be **dismissed** with prejudice;
2. Petitioner's Motion for Immediate Release be **denied** [Docket No. 2];
3. Petitioner's Motion for Appointed Counsel be **denied** [Docket No. 4].
4. Petitioner's Motion for bail hearing be **denied** [Docket No. 7]; and
5. Petitioner's application for preliminary injunction be **denied** [Docket No. 21].

Dated: 10/30/00

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 10, 2000.