UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arthur D'Amario III,

Petitioner,

v.

Constance Reese, Warden,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1932 ADM/AJB

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge pursuant to Petitioner's Objection [Doc. No. 32] to the October 30, 2000 Report and Recommendation ("R&R") of United States Magistrate Judge Arthur J. Boylan [Doc. No. 31]. The R&R recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice and his motions denied. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated by reference for the purposes of the present objections.

## III. DISCUSSION

### A. Standard of Review

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C) and 72.1(c)(2).

JAN 0 9 2001

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED JAN 0 9 2001
DEPUTY CLERK'S INITIALS

**B. Previous Petition**

Petitioner has filed a writ of habeas corpus contending that the federal government has improperly denied him credit for time served in custody on state charges. Petitioner has previously made this same claim to the United States District Court in New Jersey in a petition captioned as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 19]. The claim is properly phrased as a writ of habeas corpus because Petitioner is not assailing the sentence but the execution of the sentence. *Chambers v. U.S.*, 106 F.3d 472, 474-75 (2d. Cir. 1997). As such, Petitioner's writ must comply with the "gatekeeping" provisions in 28 U.S.C. § 2244. *Chambers*, 106 F.3d at 474-75.

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.

Because the New Jersey District Court has already dismissed Petitioner's claim regarding his time credits, Petitioner's present request is a second attempt to persuade a court to reach a different conclusion on the same issue. Petitioner's claim is dismissed.

**C. Pending Appeals**

Petitioner is in the process of appealing the decision of the New Jersey District Court denying his petition for writ of habeas corpus. The general rule is that "a federal district court and a federal court of appeals should not attempt jurisdiction over a case simultaneously. The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district

court of its control over those aspects of the case involved on appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Although this petition is not itself pending in an appellate court, the issues involved in this petition are currently before the Third Circuit. Thus, this court is barred from exercising jurisdiction over these matters and, as such, provides an alternative grounds on which to dismiss Petitioner's case. *See id.*

**D. Transfer**

Petitioner also claims that his transfer from the Federal Corrections Institution in Fort Dix, New Jersey to the Institution in Rochester, Minnesota was unlawful and unnecessary. However, prisoners do not have a constitutional right to remain in any particular institution. *See Goff v. Burton,* 91 F.3d 1188, 1191 (8th Cir. 1996). Furthermore a prison official may transfer a prisoner to another institution "for whatever reason or no reason at all" as long as it is not due to improper retaliation for prisoner conduct. *See id.* Here, there are no allegations that the transfer was due to retaliation. As a result, Petitioner has no right to avoid transfer to another institution.

**E. Appointed Counsel**

Petitioner has sought appointment of counsel as a result of his indigent status. There is no constitutional or statutory right to counsel in a habeas proceeding. *Pennsylvania v. Finley,* 481 U.S. 551, 555-57 (1987). Nevertheless, a district court may make such an appointment. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). The Eighth Circuit has identified several factors that a district court should take into consideration when determining whether a petitioner needs appointed counsel. These factors include the complexity of the case and the petitioners ability to articulate his position without counsel. *Id.* at 756. In this case, Judge Boylan felt that

appointment of counsel was not warranted in this matter because Petitioner had a clear understanding of the legal process and was able to adequately articulate his position in protecting his rights. Furthermore, the nature of Petitioner's claims are not so complex as to require the court to appoint counsel. This Court agrees with this analysis and declines to appoint Petitioner counsel in this action.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The October 30, 2000 R&R of Magistrate Judge Boylan is adopted in its entirety;
2. Petitioner's application for habeas corpus relief [Doc. No. 1] pursuant to 28 U.S.C. § 2241 is dismissed with prejudice;
3. Petitioner's Motion for immediate release [Doc. No. 2] is denied;
4. Petitioner's Motion for appointed counsel [Doc. No. 4] is denied;
5. Petitioner's Motion for bail hearing [Doc. No. 7] is denied; and
6. Petitioner's application for preliminary injunction [Doc. No. 34] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.