**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Arthur D'Amario,

Petitioner,

v.

Constance Reese,

Respondent.

Civil No. 00-1932 (ADM/AJB)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's self-styled submission entitled "Motion For Sanctions." (Docket No. 47.) Petitioner is asking the Court to impose sanctions against the named Respondent in this action, and against a Bureau of Prisons ("BOP") official named Ernie Frie, who filed an affidavit in this action. (See "Declaration of Ernie Frie," dated August 31, 2000; [Docket No. 17].) Petitioner contends that sanctions should be imposed because (1) Frie's affidavit allegedly "was a sham pleading containing false statements," (2) Respondent allegedly misrepresented that Petitioner could seek appellate review of an order filed in a related case litigated in the District of New Jersey, and (3) Respondent allegedly "obstructed justice by lying that Petitioner did not qualify for concurrent sentences." Assuming that the Court is authorized to impose sanctions, even though this case was dismissed more than five years ago, Petitioner's motion will be denied, because the reasons offered in support of the motion are invalid.

Petitioner initially contends that sanctions should be imposed against Frie, because he allegedly lied in his affidavit, by denying that he had been ordered to immediately release Petitioner from custody in August 2000. (Petitioner's "Memorandum" in support of motion for sanctions, [Docket No. 48], p. 1.) The Court has reviewed Frie's affidavit and finds no such denial. To the contrary, Frie acknowledged that at some time around the beginning of August 2000, he was told

by another BOP administrator that Petitioner was entitled to the sentence credit at issue in this case, which would have expedited Petitioner's release from custody. (Frie Affidavit, ¶ 3.) Shortly thereafter, however, the BOP changed its position on the sentence credit issue, based on the court order entered in the related New Jersey case. Frie then told Petitioner that the BOP had changed its position, and that he would not receive the credit that would have expedited his release. (Frie Affidavit, ¶¶ 4-5.) Petitioner has provided no reason to question Frie's explanation.

In any event, Frie simply did not declare in his affidavit that he was never ordered to immediately release Petitioner. Therefore, Frie obviously cannot be sanctioned for making such a statement – regardless of whether the statement would have been true or false.

Petitioner next contends that Respondent falsely indicated that he (Petitioner) "would procure direct review" of the New Jersey court order that had deprived him of the sentence credit at issue in this case. Respondent did suggest that Petitioner could seek review of the New Jersey court order, by appealing to the Third Circuit Court of Appeals, (Government's Response to Petition for Writ of Habeas Corpus, [Docket No. 15], p. 5), which appears to be an accurate (and seemingly uncontroversial) observation. In fact, Petitioner's own submissions confirm that he actually did pursue such an appeal. (Petitioner's "Memorandum," [Docket No. 48], "Attachment 1.") Therefore, the Court finds that Respondent did not make any sanctionable misrepresentation by suggesting Petitioner's opportunity to seek appellate review of the New Jersey District Court order.[1]

---

[1] Petitioner contends that his appeal ultimately was dismissed as moot by the Third Circuit Court of Appeals, and an attachment to his current memorandum, ("Memorandum," [Docket No. 48], "Attachment 1"), seems to show that his appeal was dismissed approximately six months after the present case was dismissed. That information, however, simply reaffirms that Petitioner's concurrent sentence claim was pending in other courts, (namely the District Court for the District of New Jersey, and the Third Circuit Court of Appeals), while Petitioner was simultaneously attempting to pursue the same claim here.

Finally, Petitioner contends that "Respondent obstructed justice by lying that Petitioner did not qualify for concurrent sentences." This argument merely re-asserts the fundamental substantive claim raised in Petitioner's original application for habeas corpus relief in this case. Respondent will not be sanctioned for "lying" simply because Respondent disagreed with Petitioner's concurrent sentence claim – especially given the fact that Respondent's disagreement was supported by a federal court order upholding Respondent's position. The New Jersey District Court had previously determined that Petitioner did not "qualify for concurrent sentences," and this Court has ruled – more than five years ago – that the issue will not be revisited here. (See Memorandum Opinion and Order dated January 9, 2001; [Docket No. 38].)

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's Motion for Sanctions, (Docket No. 47), is DENIED.

Dated: February 10, 2006

s/Ann D. Montgomery

Ann D. Montgomery
United States District Court Judge